# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00627-CR

**Kenya Lamar Rush, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
## NO. 50,779, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

Appellant Kenya Lamar Rush pleaded guilty to aggravated robbery. *See* Tex. Penal Code Ann. § 29.03(a)(3)(A) (West 1994). The district court adjudged him guilty and, after hearing evidence relevant to sentence, assessed punishment at imprisonment for forty-five years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

A copy of counsel's brief was delivered to appellant, and appellant was advised of his right to examine the appellate record and to file a pro se brief. Appellant filed a pro se brief containing three points of error.

First, appellant contends the statement he gave the police was coerced and should not have been admitted in evidence. Because appellant voiced no objection at trial, this contention was not preserved for appeal. Tex. R. App. P. 33.1(a).

Next, appellant contends extraneous offense evidence was admitted in violation of Texas Rule of Evidence 404(b). Appellant argues that the evidence had no relevance other than character conformity, and that in any case the State failed to give the required notice of its intention to introduce the evidence. Once again, this point of error was not preserved by a trial objection.

Finally, appellant contends he received ineffective assistance from the attorney who was appointed to represent him at trial and on appeal. Appellant complains that his attorney failed to file pretrial motions, failed to move to suppress his statement to the police, failed to assist appellant during the presentence investigation, and failed to file a motion for new trial or arrest of judgment. He also complains of the filing of an *Anders* brief.

Due to the absence of evidence concerning counsel's reasons—or lack thereof—for his actions, we are unable to conclude that his performance was deficient. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume that appellant's counsel was better positioned than this Court to judge the practicalities of the case and that he made all significant decisions in the exercise of reasonable professional judgment. *See Delrio v. State*, 840 S.W.2d 443,

447 (Tex. Crim. App. 1992). In the absence of evidence demonstrating the reasons for counsel's actions, the record in the instant case does not rebut the presumption of effectiveness afforded trial counsel's decisions. *See Jackson*, 877 S.W.2d at 772 (Baird, J., concurring).

We agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal.

The judgment of conviction is affirmed.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: March 8, 2001

Do Not Publish

3